JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-4307-RGK (VBKx)** | Date | September 23, 2013 |
|---|---|---|---|
| Title | ***VALENCIA v. FED. NAT'L MORTGAGE ASS'N CORP., et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order re: Defendants' Motion to Dismiss (DE 26)**

**I.     INTRODUCTION**

On June 14, 2013, Eddie Valencia ("Plaintiff") filed an action against JP Morgan Chase Bank ("Chase"), Federal National Mortgage Association Corporation ("Federal"), Quality Loan Service Corporation ("Quality"), and LSI Title Company ("LSI") (collectively, "Defendants") for claims related to the foreclosure of Plaintiff's home. Plaintiff's complaint asserts the following twelve claims: (1) declaratory relief; (2) temporary restraining order and injunctions; (3) quiet title; (4) violation of 12 U.S.C. § 2605 ("RESPA"); (5) violation of 12 U.S.C. § 1692 ("FDCPA"); (6) violation of California Business and Professions Code § 17200 ("UCL"); (7) cancellation of instruments; (8) fraud in the concealment; (9) fraud in the inducement; (10) accounting; (11) wrongful foreclosure; and (12) intentional infliction of emotional distress ("IIED").

Quality and LSI (inclusively, "Dismissed Defendants") filed a Motion to Dismiss on July 19, 2013, which the Court granted in its entirety on August 27, 2013. The Order also *sua sponte* dismissed Plaintiff's claims against Chase and Federal for declaratory relief, temporary restraining order and injunctions, quiet title, violation of the FDCPA, accounting, wrongful foreclosure, and IIED. In addition, the Order *sua sponte* dismissed Plaintiff's claims against Federal for RESPA and UCL violations. Finally, the August 27 Order ordered Plaintiff to show cause why the Court should not dismiss Plaintiff's claims against Chase and Federal for cancellation of instruments, fraud in the concealment, and fraud in the inducement.

The Court's August 27 Order to Show Cause clearly stated that Plaintiff's failure to respond by September 13, 2013 would result in automatic dismissal of the cancellation of instruments, fraud in the concealment, and fraud in the inducement claims. Plaintiff did not respond to the Court's Order to Show Cause. Accordingly, Plaintiff's cancellation and fraud claims are dismissed. The only claims left standing are Plaintiff's RESPA and UCL claims against Chase.

Presently before the Court is Chase's[1] Motion to Dismiss. For the following reasons, the Court **GRANTS** the Motion.

## II. FACTUAL BACKGROUND

On January 22, 2007, Plaintiff obtained a loan for $415,000 and executed a deed of trust securing the loan against property located in Pacoima, California ("Subject Property"). The deed of trust was recorded in the Los Angeles Recorder's Office on February 9, 2007. After Plaintiff stopped making payments on the loan, Defendants executed and recorded a notice of default and a substitution of trustee on April 14, 2009, naming Quality as the new trustee under the deed. Plaintiff failed to make further payment, and on December 23, 2011, Quality recorded a notice of trustee's sale listing Plaintiff's unpaid balance and charges as $496,979.81. On January 20, 2012, Plaintiff sent a letter to Chase requesting information about his account. Federal bought the Subject Property at a foreclosure sale on February 21, 2012.

## III. JUDICIAL STANDARD

A party may move to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, the court must assume allegations in the challenged complaint are true and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The complaint need not contain detailed factual allegations, but must provide more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The court may not dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim[s] which would entitle him to relief." *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

## IV. DISCUSSION

As an initial matter, the Court notes that Plaintiff has failed to file an opposition to Chase's Motion. "The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. R. 7-12. The Court may validly dismiss Plaintiff's claims in their entirety for Plaintiff's failure to oppose Chase's Motion. Nonetheless, the Court considers the merits of Chase's motion and finds that dismissal of Plaintiff's remaining claims is warranted.

Chase argues that the Court should grant its Motion because Plaintiff fails to sufficiently state his RESPA and UCL claims. The Court agrees.

---

[1] Although this Motion was filed on behalf of both Federal and Chase, Plaintiff's failure to respond to the Court's Order to Show Cause resulted in the automatic dismissal of the cancellation and fraud claims. As a result, there are no longer any claims active against Federal, and this Motion will be treated as if solely from Chase.

    **A.**    **Plaintiff Fails to State a Claim for Violation of 12 U.S.C. § 2605 (RESPA)**

Congress designed the Real Estate Settlement Procedures Act ("RESPA") to protect consumers from abusive practices by requiring disclosure of real estate settlement costs. 12 U.S.C. § 2601. As such, RESPA requires servicers of federally related mortgage loans to provide timely written responses to borrowers' inquiries regarding the servicing of their loans. The statute provides, in pertinent part, that if a servicer receives a qualified written request ("QWR") from the borrower seeking "information related to the servicing of such loan," the servicer must acknowledge receipt, and take appropriate action within thirty days. 12 U.S.C. § 2605(e)(1)-(2). Accordingly, the servicer's duty to respond is triggered when the borrower makes (1) a QWR, (2) that relates to the servicing of his or her federally related mortgage loan. *See Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 n.4 (9th Cir. 2012) (clarifying that the "conditions for triggering a duty to respond" are "both (1) that the letter is a qualified written request and (2) that it requests information relating to servicing").

                1.    *Plaintiff's January 20, 2012 Letter to Chase was a Qualified Written Request*

RESPA defines a QWR as a written communication that enables the servicer to identify the borrower's name and account number, and includes either "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error" or "sufficient detail to the servicer regarding other information sought." 12 U.S.C. § 2605(e)(1)(B). RESPA's provisions should be liberally construed to be consistent with congressional intent that it serve a broad remedial purpose. *Medrano*, 704 F.3d at 665-66. As such, a QWR need not contain any "magic language," and "any reasonably stated written request for account information can be a [QWR]." *Id.* at 666 (quoting *Catalan v. GMAC Mortgage Corp.*, 629 F.3d 676, 687 (7th Cir. 2011)).

Plaintiff alleges in a conclusory manner that his January 20, 2012 letter was a QWR "contain[ing] information to enable Chase to identify Plaintiff's Loan," and requesting information about his loan. (Compl. ¶¶ 83, 85.) Considering the liberal understanding of a QWR, and construing the complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff's complaint alleges sufficiently, if barely, that his January 20 letter was a QWR.

                2.    *To the Extent that a Response Was Warranted, Plaintiff Fails to Allege that Chase's Response Was Inadequate*

A borrower's QWR does not require a response unless it "relat[es] to the servicing" of the borrower's account. *See* 12 U.S.C. § 2605(e)(1)(A). RESPA defines "servicing" as "receiving any scheduled periodic payments from a borrower . . . and making the payments of principal and interest and such other payments with respect to the amount received by the borrower." 12 U.S.C. § 2605(i)(3). Accordingly, the servicer's statutory duty to respond does not automatically arise with respect to all borrower inquiries. *Medrano*, 704 F.3d at 666.

Plaintiff alleges that his letter requested the identity of the holder of his note, the amount of late fees due, and evidence of the validity of the debt owed. (Compl. ¶ 85.) However, multiple courts have held that neither requests for information about the note holder, nor challenges to a loan's validity relate to the servicing of the loan. *See, e.g.*, *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) (holding that a QWR must address the servicing of the loan, and not its validity); *Kelly v. Fairon & Assoc.*, 842 F. Supp. 2d 1157, 1160 (D. Minn. 2012) ("Requests for information pertaining to the identity of a note holder . . . do not relate to servicing."). Accordingly, those portions of Plaintiff's letter did not trigger Chase's duty to respond.

As to the portion of the letter requesting the amount of late fees, such request relates to the servicing of his account, and warrants a response. Plaintiff acknowledges that Chase did, in fact,

respond to his letter, but challenges the adequacy of the response. (Compl. ¶ 86.)

Plaintiff's complaint includes no factual allegations establishing the plausibility of his claim. A RESPA violation occurs if, after receiving a QWR, the servicer fails within thirty days to either provide the requested information to the borrower or explain why such information is unavailable. 12 U.S.C. § 2605(e)(2). Plaintiff alleges that Chase "failed to provide the contact information for the purported holder of Plaintiff's Note" and responded instead "by providing a partial account history of Plaintiff's account." (Compl. ¶ 86.) As explained above, Chase was not required to respond to Plaintiff's request for information about the note holder. The complaint lacks any further specificity or factual content to support Plaintiff's claim that Chase's response was inadequate.

Plaintiff's claims that Chase failed to "make appropriate corrections" and "protect Plaintiff's credit rating" similarly lack sufficient factual allegations. RESPA requires that servicers make *appropriate* corrections to the borrower's account *if applicable*. 12 U.S.C. § 2605(e)(2)(A) (emphasis added). Plaintiff's complaint lacks factual allegations that any corrections would have been appropriate or applicable in his situation. Further, RESPA prohibits a servicer from disclosing certain information to consumer reporting agencies *within sixty days* of receiving a QWR *disputing the borrower's payments*. 12 U.S.C. § 2605(e)(3) (emphasis added). Not only does Plaintiff's complaint fail to allege that Chase released such information within the prohibited time period, but it also fails to allege that the QWR disputed his payments.

Because Plaintiff fails to plausibly allege facts supporting a claim for a RESPA violation, the Court **grants** Chase's Motion to Dismiss the RESPA claim.

### B. <u>Plaintiff Fails to State a Claim for Violation of California Business and Professions Code § 17200 (UCL)</u>

California Business and Professions Code § 17200 ("UCL") prohibits unfair competition in the form of an "unlawful, unfair, or fraudulent business act or practice." The facts supporting a claim for a UCL violation must be pled with "reasonable particularity." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (Cal. Ct. App. 1993). Moreover, claims alleging fraudulent conduct under § 17200 must satisfy the heightened pleading requirements of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

Plaintiff fails to allege how Chase's practices violate § 17200. Because Plaintiff's conclusory allegations do not meet the heightened pleading standard of Rule 9(b), Plaintiff's only viable claim for a UCL violation is based on unlawful activity. However, Plaintiff has failed to sufficiently allege that Chase engaged in any unlawful activity.

Because Plaintiff fails to allege an underlying cause of action, the Court **grants** Chase's Motion to Dismiss Plaintiff's UCL claim.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Chase's Motion to Dismiss. All claims against Chase are dismissed.

**IT IS SO ORDERED.**

           :      

Initials of Preparer